UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERATED MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. ) |
| BOLING CONCRETE CONSTRUCTION, INC., | ) ) ) ) **JURY TRIAL DEMANDED** |
| Serve:  Mr. Randolph E. Boling 120 Allen Road Eureka, Missouri 63025, | ) ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Federated Mutual Insurance Company, by and through undersigned counsel, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §§ 1332, 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

### PARTIES AND JURISDICTION

1.    Federated Mutual Insurance Company ("Plaintiff") is a corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Owatonna, Minnesota.  Plaintiff is duly authorized and licensed to conduct business in the State of Missouri.

2.    Defendant Boling Concrete Construction, Inc. ("Defendant") is a for-profit corporation organized and existing under the laws of the State of Missouri, with its principal place of business in Eureka, Missouri.  At all times material hereto, Defendant was the named insured on a policy of insurance issued by Plaintiff, which is involved in this litigation.

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of costs, interest, and attorney's fees, and there exists complete diversity of citizenship.

4. Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(a) because Defendant resides in this District, events giving rise to this lawsuit occurred in this District, and the property involved is situated in this District.

### GENERAL ALLEGATIONS

5. Plaintiff brings this action seeking an interpretation of the insurance policy described below and a declaration of the rights and obligations of the parties thereunder.

6. An actual justiciable controversy exists between Plaintiff and Defendant and litigation as to this controversy is imminent and inevitable. Resolution of matters raised in this action will dispose of all issues between the parties under Plaintiff's insurance policy.

7. All necessary and proper parties are before the Court for the matters in controversy, and there is no other litigation between the parties concerning their rights and obligations under Plaintiff's insurance policy.

8. Plaintiff has complied with all conditions precedent under the insurance policy and has no other adequate remedy at law.

### PLAINTIFF'S INSURANCE POLICY

9. Plaintiff issued Defendant a policy of insurance, policy number 9302490, dated November 4, 2010 to November 4, 2011 (the "Policy"), for the real property and business personal property located at 3401 Morganford Road, St. Louis, Missouri 63116 (the "subject property"). *See* Exhibit 1, a true and accurate copy of the Policy, attached hereto and incorporated herein.

## GROUNDS FOR DECLARATORY JUDGMENT

10. Defendant claims that on or about October 27, 2011, while the policy was allegedly in full force and effect, certain items of business personal property totaling more than $500,000 were stolen from the subject property.

11. Defendant has made a claim to Plaintiff seeking payment of $508,435.36 for the replacement cost of the business personal property items allegedly stolen.

12. The following provisions, *inter alia*, of the Policy apply and bar coverage in this case:

### BUILDING AND PERSONAL PROPERTY COVERAGE FORM

\*\*\*

E. **Loss Conditions**

The following conditions apply in addition to the Common Policy Conditions and the Commercial Property Conditions.

\*\*\*

3. **Duties In The Event Of Loss Or Damage**

   a. You must see that the following are done in the event of loss or damage to Covered Property:

      (1) Notify the police if a law may have been broken.

      (2) Give us prompt notice of the loss or damage. Include a description of the property involved.

      (3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

      (4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of

        loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

    (5)    At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.

    (6)    As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

        Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

    (7)    Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.

    (8)    Cooperate with us in the investigation or settlement of the claim.

    b.    We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

***

### COMMERCIAL PROPERTY CONDITIONS

This Coverage Part is subject to the following conditions, the Common Policy Conditions and applicable Loss Conditions and Additional Conditions in Commercial Property Coverage Forms.

**A.    CONCEALMENT, MISREPRESENTATION, OR FRAUD**

This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:

1.    This Coverage Part;

    2.      The Covered Property;

    3.      Your interest in the Covered Property; or

    4.      A claim under this Coverage Part.

***

13.    Based on its investigation of the facts and circumstances surrounding the alleged theft, Plaintiff reasonably concluded that Defendant failed to comply with the Conditions of the Policy by intentionally concealing and/or misrepresenting material facts concerning the Coverage Part, the Covered Property, its interest in the Covered Property and a claim under the Coverage Part, including, but not limited to, the facts and circumstances surrounding the alleged theft, the amount of the business personal property loss, the ownership interests of other entities in both the subject property and the business personal property during the procurement of insurance and other related matters.

14.    Based on its investigation of the facts and circumstances surrounding the alleged theft, Plaintiff reasonably concluded that Defendant failed to cooperate and comply with its duties after a loss as required under the Policy including, but not limited to, failing to provide prompt notice of the loss, failing to notify the police of the theft, failing to protect the property from further damage, failing to produce requested documents in support of the claim, failing to provide relevant and truthful testimony during Examinations Under Oath and failing to cooperate with Plaintiff in the investigation of the claim.  Defendant's failures to comply with its duties have prejudiced Plaintiff's rights under the Policy and as such, Defendant is barred from recovery under the Policy and no coverage for the claimed loss exists.

15.    Plaintiff has sustained damage as a result of Defendant's concealment and misrepresentations in the procurement of insurance, as well as in the claim, and/or breach of

Policy conditions relating to duties in the event of loss, in that Plaintiff has incurred substantial expenses for claim response, investigation, adjusting and evaluating, including substantial expenses for attorneys' fees, which continue to accrue.  Plaintiff is entitled to recoup and/or recover the amount of said expenses from Defendant.

16. Defendant concealed and misrepresented material facts relating to the Coverage Part, the Covered Property, its interest in the Covered Property and a claim under the Coverage Part and breached numerous conditions of the Policy, including, but not limited to, its duties after a loss.  Therefore, no coverage exists for Defendant under the Policy.

WHEREFORE, Plaintiff Federated Mutual Insurance Company respectfully requests this Court: (1) determine the rights and obligations of the parties under the Policy and enter a judgment construing the Policy including applicable coverage provisions, exclusions and conditions thereunder in favor of Plaintiff; (2) declare that Plaintiff is entitled to recover the amount of expenses incurred in investigation, adjustment and evaluation of the claim, and attorneys' fees; and (3) for any and all such further relief that this Court deems just and proper under the circumstances.

Respectfully submitted,

/s/ Robert W. Cockerham
Robert W. Cockerham #31984
COCKERHAM & ASSOCIATES, L.L.C.
10803 Olive Blvd.
St. Louis, MO 63141
314-621-3900
Fax:  314-621-3903
rcockerham@cockerhamlaw.com

Attorneys for Plaintiff Federated Mutual Insurance Company